JUDGE SULLIVAN                    10 CV 2514

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
TANYA T. WAITERS, *on behalf of herself and
all other similarly situated New York State
residents*,
                                Plaintiffs,

        -against-

COLLECTION TECHNOLOGY INC.
a/k/a CTi,                  Defendant.
--------------------------------------------------------X

Civil Action No.
CLASS ACTION

RECEIVED MAR 19 2010 S.D.C. S.D.N.Y. CASHIERS

JURY DEMANDED

## CLASS ACTION COMPLAINT
## FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et. seq.

### JURISDICTION

1. Plaintiff, Tanya T. Waiters ("Waiters"), files this Class Action Complaint ("Complaint") seeking redress for the unlawful, predatory practices used by the Defendant, Collection Technology Inc. a/k/a CTi ("CTi"), to facilitate collection of consumer debts. CTi engages in ongoing, flagrant violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. This court has federal question jurisdiction pursuant to 15 U.S.C. §692k(d) and 28 U.S.C. §1331, since the claims alleged against the Defendants arose under the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants conduct their collection business within the Southern District of New York and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Waiters is an individual residing in the County and State of New York.

5. Waiters is a "consumer" within the meaning of Section 803 of the FDCPA, 15 U.S.C. § 1692a(3), in that the alleged debt that CTi sought to collect from her is a consumer debt, as defined by 15 U.S.C. § 1692a(5), originally incurred for personal, family or household purposes.

6. CTi is a California corporation authorized to conduct business in the State of New York. CTi's principle place of business is located at 1200 Corporate Center Drive, Suite 325, Monterey Park, California 91754.

7. CTi is engaged in the business of collecting debts for others, including consumer debts. As such, CTi is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTS APPLICABLE TO ALL COUNTS

A. **The Collection Notice**

8. In or around November 2009, Waiters received a letter from CTi dated November 3, 2009 (the "Collection Notice"). A copy of the Notice is annexed hereto and made a part of this Complaint as Exhibit A.

9. The Collection Notice identifies CTi as "a professional collection agency contracted by The U.S. Department of Education (ED)" to collect Waiters' "delinquent account."

10. The Collection Notice contains the following text:

> To avoid further collection activity, your student loan must be paid in full. We intend on using all collection activities authorized until this account is paid in full. Should you fail to pay this account in full, Collection Technology, Inc. will review your account and make recommendations to the U.S. Department of Education for the most effective collection methods

2

allowable under federal statute.

Remit your balance or payments to the address listed below:
National Payment Center
U.S. Department of Education
P.O. Box 105028
Atlanta, GA 30348-5028

11. The Collection Notice also contains the following statement:

If you do not dispute the validity of this debt, or any portion thereof, within thirty (30) days after receiving our initial letter, we will assume it is valid.

B. **The Collection Notice Deceives and Misleads Consumers**

12. Upon information and belief, the Collection Notice is an example of a form letter, substantially similar to thousands of letters sent by CTi to student loan borrowers and other consumers across the country.

13. Upon information and belief, the Collection Notice is used by CTi as its initial written communication with a consumer.

14. Upon information and belief, student loans on which CTi collects provide for payment terms over the course of extended periods and do not require immediate payment in full.

15. The Collection Notice does not specify whether or not it is the document which CTi refers to therein as its "initial letter."

16. Statements contained in the Collection Notice are inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

17. Statements contained in the Collection Notice overshadow disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. The

3

Collection Notice does not adequately or accurately convey to a consumer the substance of the consumer's right to dispute the subject debt.

## CLASS ACTION ALLEGATIONS

A. <u>The Class</u>

18. Plaintiff brings this case as a class action pursuant to Section 813 of the FDCPA, 15 U.S.C. 1692k, and Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all other similarly situated New York State residents.

19. The proposed class (the "Class") is defined as follows:

All consumers to whom, not more than one year prior to commencement of this action, CTi sent a letter to an address in the State of New York in substantially the form of the Collection Notice and which was not returned as undeliverable.

B. <u>Numerosity</u>

20. Letters in substantially the form of the Collection Notice are believed to be mass-mailed by CTi to thousands of consumers within the State of New York. Therefore, individual joinder of all members of the Class herein would be impractical.

21. The exact numbers and identities of the individual Class members are unknown at this time but, upon information and belief, can be readily ascertained from CTi's records in the course of pre-trial discovery.

22. Plaintiff reasonably believes that there are thousands of consumers who are members of the Class.

C. <u>Common Questions of Law and Fact</u>

23. There are common questions of law and fact raised in this Complaint which

4

predominate over any questions affecting only individual Class members.

24. The questions of law and fact common to the Classes concern whether CTi's practice of transmitting communications to consumers in the form of the Collection Notice constitutes conduct which violates Sections 807, 808 and 809 of the FDCPA.

25. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

   a. Did CTi, through use of the Collection Notice, violate 15 U.S.C. §1692e (10) by engaging in the deceptive practice of using false representations and deceptive conduct to collect consumer debts or obtain information concerning a consumer?

   b. Did CTi, through use of the Collection Notice, violate 15 U.S.C. §1692f by employing unfair or unconscionable means to collect a debt?

   c. Did CTi, through use of the Collection Notice, violate 15 U.S.C. §1692g(a) by engaging in the unlawful practice of failing to effectively notify the consumer of his or her right to dispute the debt?

   d. Did CTi, through use of the Collection Notice, violate 15 U.S.C. §1692g(a) by engaging in the unlawful practice of failing to effectively notify the consumer of his or her right to obtain verification of the debt? in violation of 15 U.S.C. §1692g(a)?

   e. Did CTi, through use of the Collection Notice, violate 15 U.S.C. §1692g(b) by engaging in the unlawful practice of communicating with a consumer during the statutory 30-day validation period in a manner inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor?

   f. Did CTi, through use of the Collection Notice, violate 15 U.S.C. §1692g(b) by engaging in the unlawful practice of communicating with a consumer during the statutory 30-

5

day validation period in a manner which overshadowed the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor?

g. Is the Collection Notice drafted in such a manner as would make the "least sophisticated consumer" uncertain as to his or her rights?

D. <u>Typicality</u>

26. Plaintiff's claims are typical of the claims of the other members of the Class all of the claims arise from receipt of a letter in substantially the form of the Collection Notice.

E. <u>Protecting the Interests of the Class Members</u>

27. Plaintiff will fairly and adequately represent the Class members' interests, all of whom are victims of CTi's unlawful and wrongful conduct.

28. The claims of each of the Class members arise from CTi's course of conduct and specific activities complained of herein.

29. Adjudication of the claims of each of the Class members requires application of the same legal principles.

30. Plaintiff has retained counsel experienced in representing consumers in actions in which debt collection abuse is claimed, including class actions. Such counsel stands ready, willing and able to represent the Class.

F. <u>Proceeding Via Class Action is Superior and Advisable</u>

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32. In enacting the FDCPA, Congress expressly anticipated and, via Section 813 of the FDCPA, 15 U.S.C. 1692k, provided for the use of class actions as a principal means of enforcing the FDCPA.

6

33. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

34. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

35. Class treatment of common questions of law and fact is preferable to prosecution of multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

36. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants and other Debt Collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

37. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I

### Violations of FDCPA Section 809(a), 15 U.S.C. § 1692g(a) By Failing to Provide a Debt Validation Notice

38. Each and every allegation contained in paragraphs 1 through 37 of this Complaint is repeated, realleged and incorporated herein by reference.

39. FDCPA Section 809(a), 15 U.S.C. § 1692g(a), requires that a "validation notice" conforming to the following requirements be communicated to consumers by debt collectors:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. The Collection Notice did not contain a validation notice which conformed to or satisfied the requirements of FDCPA Section 809(a).

41. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT II

### Violations of FDCPA Section 809(b), 15 U.S.C. § 1692g(b)
### By Overshadowing the Consumer's Rights

42. Each and every allegation contained in paragraphs 1 through 41 of this Complaint is repeated, realleged and incorporated herein by reference.

43. FDCPA Section 809(b), 15 U.S.C. § 1692g(b), provides in relevant part:

…..Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) … Any collection activities and communication during the 30-day period may not overshadow or be

8

inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

44. The content of the Collection Notice overshadows and is inconsistent with any disclosures therein of the consumer's right to dispute the debt.

45. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT III

### Violations of FDCPA Section 807(10), 15 U.S.C. §1692e (10) By Use of Deception to Collect a Debt

46. Each and every allegation contained in paragraphs 1 through 45 of this Complaint is repeated, realleged and incorporated herein by reference.

47. FDCPA Section 807(10), 15 U.S.C. 1692e(10), provides in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

48. The acts and practices complained in this Complaint, particularly the demand that a student loan be paid "in full" at once, constitute the use of false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. §1692e (10).

49. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

9

## COUNT IV

### Violations of FDCPA Section 808, 15 U.S.C. 1692f by Use of Unfair or Unconscionable Means To Collect a Debt

50. Each and every allegation contained in paragraphs 1 through 49 of this Complaint is repeated, realleged and incorporated herein by reference.

51. FDCPA Section 808, 15 U.S.C. § 1692f, provides in relevant part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

52. The acts and practices complained of herein constitute the use of unfair and unconscionable means to collect or attempt to collect a debt.

53. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT V

### Violations of New York GBL § 349 By Engaging In Unlawful Deceptive Practices And Acts

54. Each and every allegation contained in paragraphs 1 through 53 of this Complaint is repeated, realleged and incorporated herein by reference.

55. The acts, practices and conduct engaged in by CTi and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

56. CTi willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

57. The Plaintiffs have suffered and continue to suffer actual damages as a result of

the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

58. By virtue of the foregoing, Plaintiffs are entitled to recover their actual damages, trebled, together with their reasonable attorneys' fees..

## PRAYER FOR RELIEF

WHEREFORE, Waiters asks that this Court enter judgment in her favor and in favor of the members of the Class and against the defendants, jointly and severally, as follows:

A) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

B) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692j(b).

C) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. §1692(a)(3);

D) Awarding treble the amount of actual damages as permitted under NY GBL§ 349;

E) Declaring that the Collection Notice violates the FDCPA;

F) Declaring that the Collection Notice violates the NY General Business Law; and

G) Granting such other and further relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated: Stamford, CT  
       March 16, 2010

LEMBERG & ASSOCIATES L.L.C.  
*Attorneys for Plaintiff*

By _____  
    Sergei Lemberg (SL 6331)  
    Susan Schneiderman (SS 9840)  
1100 Summer Street, 3rd. Floor  
Stamford, Connecticut 06905  
Telephone: (203) 653-2250  
Facsimile: (203) 653-3424  
slemberg@lemberglaw.com  
sschneiderman@lemberglaw.com